# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JESSICA A. HEWITT,

        Plaintiff,

v.                                         CASE NO. 5:04cv1-RH/WCS

GULF COAST WINGS, INC., etc.,

        Defendant.

_____/

## ORDER DENYING FURTHER AWARD OF ATTORNEY'S FEES

This was an action by an employee against her former employer for sexual harassment.  Plaintiff alleged she was subjected to unwelcome sexual advances by a manager, resisted, and was terminated.  On the merits, the case was essentially a credibility dispute.

Plaintiff failed to appear for trial.  After plaintiff was given an opportunity to be heard on the appropriate response to the failure to appear, the case was dismissed.  In addition, plaintiff was directed to pay the clerk of the court $1,973.86, and judgment was entered in favor of defendant against plaintiff in the amount of $26,544.95.  These were the amounts incurred by the United States (for summoning jurors and travel expenses of the court's staff) and by the defendant (for attorney's fees and other expenses for such things as travel of witnesses and

attorneys), respectively, that would have been avoided had plaintiff given timely notice of her intention not to appear for trial.

Defendant now has moved for an additional award of attorney's fees.  Such an award would be proper only if plaintiff's claim "was frivolous, unreasonable, or groundless," or if plaintiff "continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).  I conclude that an award of fees is not appropriate based on this standard.

There is no basis for concluding that plaintiff's claim was concocted.  To the contrary, this case presented a credibility contest that was never resolved on the merits.  For all that appears in this record or has been determined to date, plaintiff's claim was not frivolous, unreasonable, or groundless, and never became so.  As the Supreme Court made clear in *Christiansburg*, even losing on the merits is not enough to render a plaintiff responsible for attorney's fees.

To be sure, plaintiff abandoned her claim before trial.  But a plaintiff who abandons her claim does not thereby necessarily admit that the claim was not well founded.  This plaintiff has never made such an admission.  Nor would it be appropriate now to conduct a trial on the merits to determine who was right, so that, if plaintiff did not prevail, it could be determined whether her claim was not only unfounded, but was also frivolous, unreasonable, or groundless.  Having

failed to establish that plaintiff's claim met the *Christiansburg* standard, defendant

is not entitled to a further award of attorney's fees.

For these reasons,

IT IS ORDERED:

Defendant's motion for a further award of attorney's fees (document 118) is

DENIED.

SO ORDERED this 13th day of June, 2005.

s/Robert L. Hinkle
Chief United States District Judge